# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ILLINOIS

**VERNELL BURRIS,**

    **Plaintiff,**

v.                               Case No. 18-cv-094-DRH-SCW

**DAN RAMEY,**

    **Defendant.**

## MEMORANDUM AND ORDER

**HERNDON, District Judge:**

Before the Court is Plaintiff's motion for leave to proceed in forma pauperis (Doc. 2). In this action, Plaintiff, who is proceeding *pro se*, alleges the judgment handed down from the Marion County Court in the original case did incorrectly determine that the Defendant was granted immunity under Illinois Local Government and Governmental Employees Tort Immunity Act (745 ILCS 10/1-101.1). He now appeals to this Court after the Marion County Court accepted Defendant's motion to dismiss and rendered judgment against the Plaintiff.

For plaintiffs proceeding in forma pauperis, the Court is required to "dismiss the case at any time" upon determining that the complaint is frivolous or fails to state a claim. See 28 USC § 1915(e)(2). After reviewing Plaintiff's pleadings, the Court finds that the complaint does not survive § 1915(e)(2) review.

Despite Plaintiff's mentioning of the 14th Amendment and the United States Soldiers and Sailors Relief Act, the issue at hand arises not out of federal law or the Constitution that would provide federal jurisdiction, but a dispute over city budgetary decisions. Plaintiff's complaint that the city of Centralia failed to hire sufficient police officers to ensure his safety does not include a federal question and thus the Court lacks jurisdiction to hear this case. Beyond that, it is unclear whether Plaintiff has even alleged sufficient standing to bring this claim considering his reliance on tax payer standing or whether the sought result would remedy the injuries allegedly suffered due to a lack of police presence.

Additionally, Plaintiff seeks to appeal a state court decision in federal court, outside the traditional bounds of procedure. The Supreme Court has made it clear that lower federal courts should not sit in direct review of state court decisions unless Congress has authorized such relief specifically. See *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462 (1983). With this in mind, no authorization exists for a case such as the Plaintiff presents and he is required to find a state court remedy.

Accordingly, the Court *sua sponte* **DISMISSES with prejudice** Plaintiff's complaint for lack of jurisdiction. Further, the Court **DENIES as moot** Plaintiff's motion to proceed without prepaying fees or costs (Doc. 2). The Clerk is DIRECTED to enter judgment. The Plaintiff is not, however, relieved of the obligation to pay the filing fee. Plaintiff is ordered to pay the filing fee no later than February 15, 2018.

**IT IS SO ORDERED.**

Judge Herndon
2018.01.23
14:27:43 -06'00'

**UNITED STATES DISTRICT JUDGE**