IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

**VERNELL BURRIS,**

    **Plaintiff,**

v.                                          Case No. 18-cv-094-DRH-SCW

**DAN RAMEY,**

    **Defendant.**

## MEMORANDUM AND ORDER

**HERNDON, District Judge:**

Before the Court is Plaintiff's Motion for Reconsideration (Doc. 13). In this action, Plaintiff, who is proceeding *pro se*, alleges the judgment handed down by this court did not provide the Plaintiff with the required opportunity to appear before the court nor did this court recognize his protected status as a veteran. He now appeals to this Court after this court denied his motion to proceed *in forma pauperis* and dismissed the case for lack of jurisdiction.

This case was originally dismissed for lack of jurisdiction since the Plaintiff followed improper procedure by appealing a decision from the Madison County Court to a Federal District Court. The Supreme Court has previously held that only the state's appellate courts or the U.S. Supreme Court have the power to

modify or reverse a state court judgment as lower courts have strictly original jurisdiction. See *Rooker v. Fidelity Trust Co.*, 263 U.S. 413 (1923). This was further reaffirmed when the Supreme Court stated a U.S. District Court has no authority to review final judgments of a state court in judicial proceedings. See *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462 (1983).

Here, Plaintiff has brought no new claims or evidence compared to his original complaint and as such has provided this court with no grounds for jurisdiction. Plaintiff argues that FRCP Rule 78 provides that the court must provide a time and place for an oral hearing on motion. However, Plaintiff conveniently ignores the word "may" contained within subsection (a) that provides the court the option of holding oral arguments. He also completely ignores subsection (b), which states the court may determine motions on briefs without oral hearings.

If Plaintiff wishes to continue this litigation, the correct venue is the Illinois court of appeals which embraces Madison County. Therefore, the Motion for Reconsideration is **DENIED**.

**IT IS SO ORDERED.**

Judge Herndon
2018.02.02
13:08:30 -06'00'

**UNITED STATES DISTRICT JUDGE**